UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

ROBERT ALLEN,

                Plaintiff,                Case No. 4:06-cv-148

v.                                              Honorable Wendell A. Miles

JOHN S. RUBITSCHUN et al.,

                Defendants.

_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.  Factual allegations

Plaintiff is incarcerated with the Michigan Department of Corrections (MDOC) and is currently housed at the Florence Crane Correctional Facility. Plaintiff was originally incarcerated in 1992. He was paroled in 2001; his parole was revoked in 2004.

In his *pro se* complaint, Plaintiff sues MDOC Parole Board Chairman John S. Rubitschun and Parole Board members George Lellis, Barbara Sampson, Artina Hardman, Miguel Berrios, and James Quinlan. Plaintiff also sues prison psychologists G. Burch and Elizabeth Vogler. Plaintiff claims that Defendants have violated his Due Process rights by their repeated denials of parole since his original parole was revoked in 2004. He specifically contends that Defendants Rubitschun, Lellis, Sampson, Hardman, Berrios, and Quinlan have failed to provide him "fair, reasonable, and meaningful parole review and consideration for parole consistent with due process" because they have relied upon false and inaccurate information to deny him parole. Plaintiff further claims that Defendants Burch and Vogler have denied Plaintiff access to certain therapy programs that would improve his chances for parole, and/or have failed to conduct an updated psychological evaluation of Plaintiff to determine whether Plaintiff truly needs to participate any such program.

For relief, Plaintiff requests an immediate parole hearing "in which meaningful and accurate review and considerations for parole are rendered"; $5,000 in compensatory damages; and $2,500 in punitive damages.

II.  Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the

- 2 -

allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that his Due Process rights have been violated by Defendants' repeated parole denials. To sustain such a claim, Plaintiff must first establish that eligibility for parole is a recognized liberty interest, entitled to protection by the Due Process Clause. *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *see Bd. of Pardons v. Allen*, 482 U.S. 369 (1987). A prisoner's unilateral expectation, particularly where prison officials retain complete discretion regarding an ultimate determination, does not create a constitutionally protected entitlement or liberty interest. *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972).

Liberty interests may arise from the Constitution itself or from the provisions of state law. *See Hewitt v. Helms*, 459 U.S. 460, 466 (1983). A prisoner has no constitutional or inherent right to be released on parole before the expiration of the prisoner's sentence. *Greenholtz v. Inmates of the Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). The state is therefore free to institute parole systems, but it has no duty to do so. *Id.*; *see Rose v. Haskins*, 388 F.2d 91, 93 (6th Cir. 1968). A prisoner has a liberty interest in the possibility of parole if, but only if, state law creates a legitimate expectation of parole release by the use of mandatory language limiting the discretion of the Parole Board. *See Allen*, 482 U.S. at 373-75. In the absence of a state-created liberty interest,

the Parole Board can deny release on parole for any reason or no reason at all, and the Due Process Clause has no application. *See Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 236 (6th Cir. 1991).

In numerous cases, this Court has reviewed Michigan law and has found a complete absence of mandatory language or the imposition of substantive predicates restricting the Parole Board's discretion. Michigan statutes merely define those prisoners not eligible for parole and list factors that the Parole Board may or may not consider in its decision to grant or deny parole, without directing a specific result. *See* MICH. COMP. LAWS §§ 791.233b, .234, .235. No statutory provision requires parole for any eligible prisoner under any circumstances. The statute makes release on parole expressly discretionary. MICH. COMP. LAWS § 791.234(9).[1]

Relying upon these provisions of Michigan law, the Sixth Circuit Court of Appeals has authoritatively held that the Michigan system does not create a liberty interest in parole. *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc). In unpublished decisions following *Sweeton*, the Sixth Circuit has repeatedly held that particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole. *See Fifer v. Mich. Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *Leaphart v. Gach*, No. 95-1639, 1995 WL 734480, at *2 (6th Cir. Dec. 11, 1995); *Janiskee v. Mich. Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th Cir. May 9, 1991); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th Cir. Jan. 21, 1993); *Haynes v. Hudson*,

---

[1] The Michigan parole statutes have been amended several times in recent years. The statutory citations contained above are to the present codification of the parole law. None of the recent amendments are material to the issues now before the court. Release on parole has always been discretionary under Michigan law.

No. 89-2006, 1990 WL 41025, at *1 (6th Cir. Apr. 10, 1990).  Further, the Michigan Supreme Court has recognized that there is no liberty interest in parole under the Michigan system.  *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999).

Until Plaintiff has served his maximum sentence, he has no reasonable expectation of liberty.  In the absence of a liberty interest, even an allegation of arbitrary or capricious denial of release on parole states no federal claim.  *See Haynes*, 1990 WL 41025, at *1.  The discretionary parole system in Michigan holds out "no more than a mere hope that the benefit will be obtained." *Greenholtz*, 442 U.S. at 11.  The Michigan Parole Board's failure or refusal to consider Plaintiff for parole, therefore, implicates no federal right.  In the absence of a liberty interest, Plaintiff fails to state a claim for a violation of his due process rights.

Nor does Plaintiff have a federally cognizable liberty interest in participating in rehabilitative treatment programs.  Federal courts have consistently found that prisoners have no constitutionally-protected liberty interest in prison vocational, rehabilitation, and educational programs based on the Fourteenth Amendment.  *See, e.g.*, *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989) (no constitutional right to prison employment); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) ("[N]o prisoner has a constitutional right to a particular job or to any job"); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976)  (Due Process Clause not implicated by prisoner classification and eligibility for rehabilitative programs, even where inmate suffers "grievous loss"); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1995) (participation in a rehabilitative program is a privilege that the Due Process Clause does not guarantee); *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985) (no constitutional right to rehabilitative services); *Carter v. Morgan*, No. 97-5580, 1998 WL 69810, at *2 (6th Cir. Feb. 10, 1998) (no constitutional right to educational classes); *Tribell v. Mills*, No.

93-5399, 1994 WL 236499, at *1 (6th Cir. June 1, 1994) ("[N]o constitutional right to vocational or educational programs"). Under these authorities, Plaintiff has no due process claim arising from Defendants' purported decision to deny him admission to any therapy or other programs.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Date:  January 30, 2007                                    /s/ Ellen S. Carmody
                                                           ELLEN S. CARMODY
                                                           United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).