UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ALLEN,

        Plaintiff,

v.                                                                                            Case No. 4:06-cv-148

JOHN S. RUBITSCHUN, GEORGE LELLIS,        Hon. Wendell A. Miles
BARBARA SAMPSON, ARTINA HARDMAN,
MIGUEL BERRIOS, JAMES QUINLAN,
G. BURCH, ELIZABETH VOGLER,

        Defendants.
_____/

OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

        This matter is before the court on Plaintiff Robert Allen's objection to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of January 30, 2007, which recommended Petitioner's complaint be dismissed for failure to state a claim. This court is required to make a de novo review upon the record of those portions of the Report and Recommendation to which specific objections have been made. 28 U.S.C. § 636(b)(1)(B). The court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations. Id. After conducting a de novo review, the Court concludes that the Report and Recommendation should be adopted by the Court.

        Plaintiff is presently incarcerated at the Florence Crane Correctional Facility. He was paroled in 2001, but parole was revoked in 2004. He now complains that since his parole revocation defendants Burch and Vogler have consistently denied him access to Assaultive Offender Therapy. In turn, the remaining defendants, who are members of the parole board,

have repeatedly denied him parole based upon the fact that he has not completed Assaultive Offender Therapy. The parole board defendants allegedly are aware that defendants Burch and Vogler refuse to make the program available to Plaintiff. He claims that the defendants have violated his due process rights. The Magistrate Judge correctly determined that Plaintiff has no interest protected by the Due Process Clause in either a parole or rehabilitative treatment programs.

In addressing an alleged procedural due process violation, the court must determine (1) whether the plaintiff has established a life, liberty or property interest protected by the due process claim, (2) whether the plaintiff was deprived of that interest by government action, and (3) whether adequate procedures were afforded prior to the deprivation. Franklin v. Aycock, 795 F.2d 1253, 1261-62 (6th Cir. 1986). Plaintiff argues that the Magistrate Judge misstated his claims because they are not based upon any asserted liberty interest. However, a protected interest created by the federal constitution or state law is a necessary element of a procedural due process claim.

Considering Plaintiff's repeated references to the defendants' "arbitrary and capricious" actions, the court assumes he may be attempting to also assert a substantive due process claim, which was not addressed by the Magistrate Judge. The Due Process Clause contains a substantive component that bars certain arbitrary and capricious deprivations "regardless of the fairness of the procedures used to implement them." County of Sacramento v. Lewis, 523 U.S. 833, 840 (1998); Pearson v. City of Grand Blanc, 961 F.2d 1211, 1217 (6th Cir. 1992) ("[t]he right not to be subject to 'arbitrary or capricious' action by a state either by legislative or administrative action is commonly referred to as a 'substantive due process right.'"); Gutzwiller v. Fenik, 860 F.2d 1317, 1328 (6th Cir. 1988) ("Substantive due process protects specific

fundamental rights of individual freedom and liberty from deprivation at the hands of arbitrary and capricious government action."). To establish a violation of substantive due process, a plaintiff must show that (1) the challenged state action was arbitrary and capricious, and (2) the plaintiff had a protected property or liberty interest. Silver v. Franklin Township, 966 F.2d 1031, 1036 (6th Cir. 1992). Even assuming that the defendants' alleged conduct could be considered "arbitrary and capricious," as Plaintiff contends, because he has no protected liberty or property interest in parole or rehabilitative programs, he fails to state a substantive due process claim.

Finally, Plaintiff argues that the parole board defendants violated certain provisions of the Michigan law governing parole. In the context of this section 1983 case, the argument is without merit. It is well established that Plaintiff does not enjoy any federally protected liberty or property interest in state procedure. Olim v. Wakinekona, 461 U.S. 238, 250 (1983); Sweeton v. Brown, 27 F.3d 1162, 1164 (6th Cir. 1994). Thus, claims under section 1983 may not be based upon alleged violations of state law, nor may federal courts order state officials to comply with their own law. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 106 (1984).

The court also agrees with the Magistrate Judge's recommendation that it find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).

## Conclusion

The court, having reviewed the Magistrate Judge's Report and Recommendation, the relevant portions of the case file, and Petitioner's objections finds that the Magistrate Judge has made a thorough and accurate review, and agrees with the reasoning and recommended disposition contained in the Report and Recommendation. Therefore,

IT IS ORDERED that Plaintiff's Objections to Magistrate's Report and Recommendation

3

(docket #5) are OVERRULED.

IT IS FURTHER ORDERED that the Magistrate Judge's Report and Recommendation (docket #4) is ADOPTED as the opinion of this court.

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e(c).

IT IS FURTHER ORDERED that a certificate of appealability is DENIED by this court.

So ordered this 27th day of March, 2007.

 /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge